ACCEPTED
06-12-00197-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/3/2015 5:14:28 PM
DEBBIE AUTREY
CLERK

No. _____

IN THE COURT OF APPEALS, SIXTH DISTRICT

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/4/2015 8:39:00 AM
DEBBIE AUTREY
Clerk

TEXARKANA, TEXAS

---------------------------------------------

Duffey v. State, 428 S.W.3d 319 (Tex.App.-Texarkana 2014)

NO. 06-12-00197-CR Court of Appeals

No. 1222696 the 8th District Court Hopkins County, Texas

---------------------------------------------

In Re:  ROY DEAN DUFFEY,

Relator

---------------------------------------------

**STATE'S RESPONSE TO PETITION FOR WRIT OF MANDAMUS**

**to the 8th Judicial District Court of Hopkins County, Texas**

---------------------------------------------

FOR THE STATE

Peter I. Morgan

Assistant District Attorney

8th Judicial District

SBN 14451700

P.O. Box 882

Sulphur Springs, Texas 75483

(903) 885-0641

(903) 885-0640 fax

# Contents

TABLE OF AUTHORITIES ................................................................................................. 3

SUMMARY OF ARGUMENT ........................................................................................... 4

ARGUMENT ....................................................................................................................... 4

PRAYER ............................................................................................................................... 8

CERTIFICATE OF SERVICE ............................................................................................. 8

CERTIFICATE OF COMPLIANCE ................................................................................... 9

# TABLE OF AUTHORITIES

Cases

*Duffey v. State,* 428 S.W.3d 319 (Tex.App.-Texarkana 2014) ........................................................ 3

*In Re State ex rel. Gary D. Young, County and District Attorney of Lamar County, Texas, Relator v. The Sixth Judicial District Court of Appeals at Texarkana, Respondent* 236 S.W.3d 207 (Tex.Crim.App.  2007).................................................................................................... 5

*Perkins v. Court of Appeals for Third Supreme Judicial District of Texas at Austin*, 738 S.W.2d 276 at 285 Tex Crim App 1987 ............................................................................................... 3

## SUMMARY OF ARGUMENT

Relator has filed a petition for a writ of mandamus and presented three arguments urging this court to issue a writ of mandamus in order to enforce a plea bargain agreement reached on July 3, 2012 between the State and Relator Roy Dean Duffey. The sole issue for consideration is whether or not mandamus should issue to enforce the plea bargain agreement. Relator argues that the agreement is enforceable and the State contends that the agreement was not final and therefore is not enforceable.

## ARGUMENT

Mandamus is only proper if the Relator establishes, 1) the act sought to be compelled is ministerial, and 2) there is no other adequate remedy at law. A trial court has a "ministerial, mandatory, and non-discretionary duty" to follow a plea bargain agreement once it has been approved by the court. However, an agreement is only final after the judge accepts the agreement and enters a finding of guilt. *Perkins v. Court of Appeals for Third Supreme Judicial District of Texas at Austin*, 738 S.W.2d 276 at 285 Tex Crim App 1987.

4

The trial court heard an announcement of a plea agreement on July 3, 2012, the day scheduled for jury selection in Mr. Duffey's case. Relator, quoting Joe Jamail in the reknowned *Pennzoil* case, is now arguing that "a deal is a deal" and therefore the plea agreement is enforceable by mandamus. While not disputing the sentiment that "a deal is a deal", it is worth noting that a deal is only "a deal" after the deal is final. In the case of a plea bargain, that means the plea is accepted by the court and there is an entry of a finding of guilt. *Perkins* at 283. The record of that proceeding is before this court and previously considered on direct appeal in Relator's case styled *Duffey v. State,* 428 S.W.3d 319 (Tex.App.-Texarkana 2014). The case was reversed and remanded for a new trial. The opinion explicitly uses the phrase "new trial" and in no way orders specific enforcement of the original agreement of July 3, 2012. The agreement is also referred to as "the as yet unapproved plea agreement." *Id* at 327. On previous consideration of the July 3 hearing, this Court stated:

> [T]he trial judge reviewed the details of the plea agreement with Duffey and the State, accepted Duffey's plea,

and (by the judge's statements) gave every indication to all in attendance that he would accept the plea agreement announced at a subsequent sentencing hearing, which was set to occur just a few days later. *Id* at 326.

This statement accurately reflects the circumstances of the July 3 plea hearing. In particular, the trial court's explicit statements regarding the need to finalize the agreement at a subsequent hearing is clear proof that the plea was not yet accepted by the court. At that stage of the proceedings, after the July 3 hearing, the agreement was not final, and therefore not ministerial, mandatory, and non-discretionary as required for mandamus to issue.

Relator presents two separate issues regarding 1)whether or not the State should benefit from the alleged failure by the District Attorney in failing to inform the victim's family of the plea bargain agreement before the hearing on July 3, 2012 and 2) whether or not it could be proper for a trial judge to reject a plea agreement because the victim's family has not been notified.  Understanding that these equitable arguments can certainly be made in good faith to the trial court in terms

of a proper punishment, these arguments do nothing to transform a judicial act into a ministerial act.

The standard for mandamus relief has been discussed by the Texas Court of Criminal Appeals and while civil contract principles may provide some guidance, civil law fails to recognize the due process component in a criminal proceeding that can trigger a finding of a ministerial duty. See *In Re State ex rel. Gary D. Young, County and District Attorney of Lamar County, Texas, Relator v. The Sixth Judicial District Court of Appeals at Texarkana, Respondent* 236 S.W.3d 207 (Tex.Crim.App. 2007) The Court of Criminal Appeals held

> While a trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling, in general it has no ministerial duty to "rule a certain way on that motion." …In short, it is improper to order a trial court to exercise its judicial (as opposed to its ministerial) function in a particular way unless the relator has a "clear right to the relief sought," i.e., the law he invokes is definite, unambiguous, and unquestionably applies to the indisputable facts of the case. *Id.*at 210.

Relator's appellate decision on his direct appeal ordered a new trial on remand. There was no mention of specific performance of the original

plea bargain. With the case in the exact procedural stance as prior to the acts giving rise to the necessity of recusal, specific performance of the original plea bargain could never be construed as being the definite and unambiguous duty of the trial court. In short, a new trial was ordered, not merely a reformation of the judgment.

Relator's Petition For Writ of Mandamus should be denied.

## PRAYER

Appellee prays that Relator's Petition For Writ of Mandamus be denied.

Respectfully submitted,

/s/ Peter Morgan

Peter Morgan

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct electronic copy of the foregoing Brief of Appellee has been filed with the Sixth Court of Appeals and has been served on all all parties in interest.

/s/ Peter Morgan

Peter Morgan

## CERTIFICATE OF COMPLIANCE

Relying on the word count function in the word processing software used to produce this document I certify that the number of words in this brief is 1,122 words.

/s/Peter Morgan

Peter Morgan